IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


KEITH J. POWELL,
    Plaintiff,

vs.                                                                        Case No. 3:07cv160/MCR/EMT

D. ELLIS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed a second amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 15).  Plaintiff has also filed a "Petition for Declaratory Judgment" (Doc. 16), which the court shall construe as a memorandum in support of Plaintiff's second amended complaint.[1]  Leave to proceed in forma pauperis has been granted (*see* Doc. 6).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule

---

[1]Typically the court will instruct a plaintiff to file a memorandum if it deems such a document necessary.  Here, although the court did not order Plaintiff to file a memorandum, the court has considered the contents of the document in support of Plaintiff's claims.

of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

At all times relevant to this action, Plaintiff was an inmate at the Santa Rosa Correctional Institution ("Santa Rosa CI") (*see* Doc. 15 at 7).  In his second amended complaint, Plaintiff names twenty-two Defendants, in both their individual and official capacities, who may generally be classified as correctional officers or staff at Santa Rosa CI or officers or staff with the Florida Department of Corrections ("DOC") (*id* at 1–continuation pages, 2–2D).[2]  In relevant part, Plaintiff's seventeen-page statement of facts alleges that he was denied his Due Process rights when Defendants (1) refused to return, and may have subsequently destroyed, Plaintiff's "personal property," including his legal papers; (2) failed to provide Plaintiff with a form allowing him to appeal the findings of a disciplinary report; (3) placed Plaintiff in administrative confinement or another confinement status, or assigned/altered Plaintiff's job duties; and (4) denied Plaintiff access to a law library (Doc. 1 at 7–7P).  With regard to Plaintiff's allegation about the disciplinary report appeal form, Plaintiff further alleges Defendants were deliberate and indifferent in not providing the form (*id.* at 7E).  Plaintiff also alleges that various Defendants falsified their testimony during his disciplinary hearings (*see, e.g.*, 7I–7J).  Regarding Plaintiff's claim of denial of access to a law library, Plaintiff alleges that he was denied access to a prison law library for approximately 90 days

---

[2]Plaintiff uses alphanumeric page numbers to identify continuation pages for pages one, two, six, and seven of his complaint (*id.* at 1, 2, 6, 7).  For example, page two is numbered "2," and the first continuation page after page two is numbered "2A" (*see id.* at 2–2D).  The court will use the same numbering system when referencing Plaintiff's complaint.

without justification (*id.* at 7L).  He also states that Defendants interfered with his legal mail, impairing his access to the courts (*see id.* at 7L–7M).  For relief, Plaintiff "seeks monetary compensation for all [the] personal property" and legal papers destroyed by Defendants. (*id.* at 7P).[3]

Plaintiff has also filed a "Petition for Declaratory Judgement" (Doc. 16) in support of his second amended complaint.  In this document, Plaintiff requests that certain information be considered along with his second amended complaint (*id.* at 1).  In relevant part, Plaintiff cites to Powell v. Broward County Bd. of Comm'rs, No. 0:06cv61057-WPD (S.D. Fla. Sept. 27, 2006) (Docket Entry 10) ("Powell I") (dismissed for failure to prosecute) and alleges that the "property" unlawfully taken from him in this case included certain documents that were to be used in Powell I (*see* Doc. 16 at 2–4).  *See also* Powell I, *supra*, at 2 (Docket Entry 10) (Plaintiff's complaint concerned, among other things, grievances, mail, and fees).  Plaintiff also cites to Powell v. Fla. Attorney Gen., No. 5:06cv304-WTH-GRJ (M.D. Fla. Sept. 22, 2006) (Docket Entry 6) ("Powell II") (dismissed for failure to prosecute) and makes similar allegations (*see* Doc. 16 at 5).  *See also* Powell II, *supra*, at 1 (Docket Entry 4) (ordering Plaintiff to amend and describing Plaintiff's complaint in Powell II as containing allegations that his legal materials were lost or destroyed).  In portions of the memorandum supporting his claims, Plaintiff alleges that Defendants only negligently destroyed his property (*see* Doc. 16 at 9).

Initially, as Plaintiff has been advised (*see* Doc. 8 at 2–3), the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against any Santa Rosa CI or DOC officers or employees in their official capacities.  Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Fla. Dept. of Heath and Rehabilitative Servs., 779 F.2d 1509, 1511 (11th Cir. 1986).  Furthermore, Plaintiff

---

[3]The court notes that Rule 8(a)(2) of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's extensive complaint, with numerous continuation pages and external memoranda, fails to comply with Rule (8)(a)(2).

Case No. 3:07cv160/MCR/EMT

does not seek prospective injunctive relief against Defendants. Therefore, Plaintiff claims against Defendants in their official capacities should be dismissed.

Regarding Plaintiff's due process claim for the destruction of his property, it is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986). Because Florida Statutes section 768.28 (1993) provides a remedy for the deprivation of Plaintiff's property, he cannot maintain a section 1983 action based on the alleged deprivation.

Although an allegation of a constitutionally improper motive for the taking of property may enable an inmate to avoid the rule of Hudson v. Palmer, *see* Hall v. Sutton, 755 F.2d 786 (11th Cir. 1985), conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *See* GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). In the instant case, Plaintiff has not alleged Defendants had any improper motive for taking or destroying his personal property. Thus, Plaintiff's claims based on Defendants' alleged confiscation or destruction of his personal property are subject to dismissal, and, correspondingly, Plaintiff is not entitled to the relief he seeks (i.e., reimbursement for lost or destroyed property (*see* Doc. 15 at 7P)).

To the extent Plaintiff claims that Defendants' mishandling of his grievance violated his due process rights, his claim is subject to dismissal. In order to prevail on a due process claim, Plaintiff must first demonstrate that the Santa Rosa CI or DOC inmate grievance procedure provided him with a constitutionally protected interest. *See* Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (per curium). In Baker, the Eleventh Circuit agreed with other circuits that have held that the provision of an administrative grievance process is not constitutionally mandated. *Id.* (citing Adams

v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state")); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that a state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that "[t]here is no legitimate claim of entitlement to a grievance procedure")). In the instant case, because Defendants' alleged failure to properly process and respond to Plaintiff's administrative grievance does not amount to a violation of Due Process, Plaintiff claims regarding the mishandling of his grievances should be dismissed.

Plaintiff also claims that his rights were violated by his classification at Santa Rosa CI, placement in administrative confinement, or assignment to various jobs. These claims are also subject to dismissal. It is well established that prisoners have no right to remain in a particular institution with particular rules, regulations and privileges. Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). As long as the conditions or degree of confinement to which a prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates. Montayne, 427 U.S. at 242, 96 S. Ct. at 2547. Thus, there is no constitutional entitlement to prison rehabilitative programs or to particular custody classifications. Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). *See also* Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983) (no liberty interest in being confined in the general population rather than in the more restrictive atmosphere of administrative confinement); Jones v. Diamond, 594 F.2d 997, 1015 (5th Cir. 1979) (no right exists under the due process clause to a system of prisoner classification).

Stated succinctly, due process is required only if a person is deprived of an interest protected by the Due Process Clause. In Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that inmates may be deprived of a liberty interest only if the manner

or character of their confinement amounts to a "dramatic departure from the basic conditions of [the inmate's] sentence."  515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995).  The Court limited the field to those deprivations that "exceed[ ] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or those that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*  On the facts of the case before it, the Court went on to state that the thirty-day placement of an inmate in disciplinary confinement was not atypical or significant enough to trigger due process protection.  *Id.*; *see also* Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998) (two-month stay in administrative confinement while criminal charges were pending does not violate due process under Sandin).  On the other hand, the deprivation of gain time credits through disciplinary proceedings does impose a significant hardship which creates a liberty interest meriting due process protections.  Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974)).

In the instant case, Plaintiff has failed to establish a protected interest in any particular job assignment or classification.  A job assignment different from that desired by Plaintiff imposes no atypical or significant hardship on him.  Accordingly, Plaintiff has failed to state claim regarding his classification or assignment at Santa Rosa CI.

Plaintiff has also failed to state a claim for denial of access to the courts by virtue of his allegation that he was denied access to the prison law library.  It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, while there should be no interference or undue delay in the delivery of inmates' legal mail by prison officials, courts have held that without explicit proof of damages, occasional interference with inmate mail or violations of mail regulations in a prison do not state a claim of denial of access to courts under section 1983.  *See* Gramegna v. Johnson, 846 F.2d 675, 677 (11th Cir. 1988); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 306 (7th Cir. 1993); Morgan v. Montanye, 516 F.2d 1367, 1371-72 (2d Cir. 1975); Woods v. Yeager, 463 F.2d 223, 224-25 (3d Cir. 1972).  Additionally, the right to access the courts does not require "that prison officials provide

a prisoner with free, unlimited access to photocopies." <u>Logue v. Chatham County Det. Ctr.</u>, 152 F. App'x 781, 784 (11th Cir. 2005) (per curiam) (citing <u>Wanninger v. Davenport</u>, 697 F.2d 992, 994 (11th Cir. 1983)).  Furthermore, while it entitles indigent prisoners "to some free stamps," the right to access the courts does not require prison officials to provide "unlimited free postage." <u>Van Poyck v. Singletary</u>, 106 F.3d 1558, 1559 (11th Cir. 1997) (per curiam) (quoting <u>Hoppins v. Wallace</u>, 751 F.2d 1161, 1162 (11th Cir. 1985)).

      As established in <u>Lewis</u>, to successfully allege a constitutional violation based upon denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  518 U.S. at 349–50.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.*  Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions.  <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing <u>Lewis</u>); *see also* <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. <u>Wilson</u>, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  <u>Lewis</u>, 518 U.S. at 353 n.3; <u>Wilson</u>, 163 F.3d at 1291.

      In the instant case, Plaintiff's allegation that he was denied access to a prison law library for 90 days is insufficient to state a claim for denial of access to the courts.  Plaintiff has also failed to allege facts showing that any interference with his correspondence occurred with sufficient frequency to constitute a constitutional violation.  Furthermore, Plaintiff's allegations of injury are insufficient.  First, Plaintiff has failed to identify how he was harmed or prejudiced with respect to <u>any</u> litigation from the denial of access to the law library or the alleged loss of his legal papers. Indeed, it is apparent that Plaintiff was able to communicate with this court and file several hundred

Case No. 3:07cv160/MCR/EMT

pages of documents despite his allegations to the contrary (*see, e.g.*, Doc. 8 at 2 (returning more than one-hundred fifty (150) pages of exhibits submitted by Plaintiff)). Second, although Plaintiff alleges that the interference with his mail resulted in a delay in filing his civil rights complaints (Doc. 15 at 7L–7M; *see also* Doc. 16 at 2–5), he was able to litigate his claims nonetheless. Indeed, the court notes that Plaintiff has been able to file and pursue civil rights cases in both this district and the Southern and Middle Districts of Florida.[4] Thus, Plaintiff's allegations concerning his access to a prison law library and to the courts are subject to dismissal.

Finally, Plaintiff's claim for damages is subject to dismissal. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff

---

[4]Plaintiff's case in Powell II was dismissed for failure to prosecute because Plaintiff refused to accept mail from the court. *See* Powell II, *supra* at 1 (Docket Entry 6). In Powell I, Plaintiff's case was dismissed for failure to prosecute after he failed to file an amended complaint. *See* Powell I, *supra* at 1–2 (Docket Entry 10). Before dismissing the case Judge Dimitrouleas noted that Plaintiff filed a request for an extension of time, which was granted, and then failed to file an amended complaint despite being given nearly two months to do so (*id.*). In addition, after the case was dismissed, Plaintiff filed, among other items, a motion for clarification. *See* Powell I, *supra* at 1–2 (Docket Entry 14). Judge Dimitrouleas denied the motion for clarification because there was nothing to clarify. *Id.* It is apparent that Plaintiff was able to file documents in these cases.

may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege any physical injury arising from Defendants' actions, and the only relief he seeks is compensatory monetary damages (*see* Doc. 15 at 7–P). Because the PLRA forbids the litigation of this lawsuit while Plaintiff is imprisoned, there is no valid legal basis for Plaintiff's claim for monetary damages for the alleged constitutional violations. Therefore, this case is subject to dismissal.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's second amended complaint be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 3rd day of August 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**